[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12857
Non-Argument Calendar
_____

D.C. Docket No. 1:02-cr-20334-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 6, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Roberto Delgado appeals the revocation of his supervised release and his

sentence of 23 months of imprisonment. See 18 U.S.C. § 3583(e)(3). Delgado

argues that the evidence was insufficient to prove he committed a new offense of burglary and that the magistrate judge clearly erred by crediting the victim's testimony, but Delgado failed to object to the decision of the magistrate judge and waived the right to appellate review of the revocation of his supervised release. Delgado also argues that his sentence is procedurally and substantively unreasonable because he was not "giv[en] a single reason for the sentence," but the district court sufficiently explained its chosen sentence. We affirm.

## I. BACKGROUND

In September 2002, Delgado was convicted of conspiring to possess with intent to distribute five grams or more of crack cocaine and a detectable amount of cocaine hydrochloride. 21 U.S.C. §§ 846, 841(b)(1)(B), (C). The district court sentenced Delgado to 120 months of imprisonment, followed by 5 years of supervised release. We affirmed Delgado's sentence. United States v. Delgado, No. 02-15091 (11th Cir. June 3, 2003).

After Delgado completed his sentence of imprisonment and was on supervised release, his probation officer filed a petition to revoke. The petition charged Delgado for being arrested for battery of his former girlfriend, Olga Rosales, Fla. Stat. § 784.03, and resisting arrest without violence, id. § 843.02. Delgado admitted that he had violated a condition of his supervised release by resisting arrest, see id., and the district court sentenced him to 13 months of

2

imprisonment followed by 47 months of supervised release.  Delgado appealed and argued that his sentence of imprisonment was unreasonable, but we affirmed.  United States v. Delgado, No. 12-11131 (11th Cir. Sept. 7, 2012).

After Delgado was released on his second term of supervised release, he was arrested and charged in a Florida court for aggravated battery of Rosales, Fla. Stat. § 784.045, and burglary of an occupied vehicle, id, § 810.02(3)(d).  A probation officer filed a petition to revoke that described the history of Delgado's case and his new offenses.  The petition provided that Delgado had denied any wrongdoing and had identified his new girlfriend as an eyewitness to the incident, but the girlfriend admitted to an investigating officer that she had not been with Delgado at the time of the incident.  The petition also provided that Delgado's offenses were Grade B violations for which he faced, with a criminal history of V, an advisory guideline range between 18 and 24 months of imprisonment, see United States Sentencing Guidelines Manual § 7B1.4(a), and a maximum sentence of five years of imprisonment, see 18 U.S.C. § 3583(b)(1).  The district court referred Delgado's case to a magistrate judge.

During an evidentiary hearing on the motion to revoke, Rosales and Delgado provided different accounts of the incident.  Rosales testified that Delgado appeared at her workplace and followed her to her boyfriend's vehicle; he held open her passenger's side door and leaned inside the vehicle to swat at her and her

3

boyfriend; he entered the back of the vehicle ostensibly to retrieve his car keys from the floorboard and took a walking cane that was lying on the back seat; he left the back door ajar and walked away; and he threw the cane at Rosales and struck her on the hip after she exited the vehicle to close the back door. Rosales identified a photograph taken by a police officer shortly after the incident that showed a bruise on her hip. Delgado testified that he received a telephone call from Rosales asking him to meet her after work; he approached Rosales's boyfriend to ask him to end Rosales's telephone calls; he leaned into the vehicle to finish his conversation with Rosales's boyfriend; he used a cane lying on the back seat to retrieve his keys from the back floorboard; and he "dropped the cane" on the ground next to the vehicle.

The magistrate judge credited Rosales's testimony and found that Delgado's version of events "just [didn't] square." "[B]ased upon [Rosales's] testimony," the magistrate judge ruled that Delgado had not committed aggravated battery, a felony, see Fla. Stat. § 784.045, but he had committed the lesser-included offense of battery, a misdemeanor, see id. § 784.03(1)(a)(1), (b). The magistrate judge asked whether he was "wrong in any way, in terms of the aggravated battery/battery determination," and Delgado "agree[d] with the Court's legal analysis, preserving the factual objection." Delgado contested the burglary charge, but the magistrate judge found that Delgado committed burglary of an occupied

4

vehicle when he entered the back of the vehicle occupied by Rosales and her boyfriend and "grabbed the cane in order to use the cane or take the cane."  The magistrate judge said that he would "issue a docket order that incorporate[d]" his findings and told Delgado that he would be "give[n] . . . the normal objection period" to file "any objections" he had to the order.

The magistrate judge filed a written report containing detailed findings that Delgado had violated his supervised release by committing the new offenses of battery and burglary of an occupied conveyance.  The report stated that, "[p]ursuant to Local Magistrate Rule 4(b), the parties ha[d] fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the . . . United States District Judge."  The report also provided that the "[f]ailure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein."  Delgado did not file an objection, and "[a]fter review of the Report and Recommendation, review of the record, and having received no objections thereto, . . . the Magistrate Judges Report and Recommendation [was] . . . Adopted" by the district court.

At Delgado's sentencing hearing, the district court adjudicated Delgado guilty of violating the conditions of his supervised release.  The district court

determined that Delgado faced an advisory guidelines range between 18 and 23 months of imprisonment, and defense counsel and the district court "agree[d]" that Delgado "would have to be taken off probation" if he received a sentence of "23 months." Delgado declined to make a statement, after which the government stated that "a guideline sentence [would be] sufficient." The district court "carefully considered the statements of all parties and the information contained in the violation report"; "determined that a sentence within the guideline range [was] appropriate"; and sentenced Delgado to 23 months of imprisonment. The written judgment for revocation provided that the district court had "carefully considered the statements of all parties and the information contained in the violation report and the Magistrate Judge's Report and Recommendation."

## STANDARDS OF REVIEW

"Arguments that are waived before the district court may not be reviewed on appeal." United States v. Garcia-Sandobal, 703 F.3d 1278, 1282 (11th Cir. 2013). We review a sentence imposed following the revocation of supervised release for reasonableness, United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006), which "merely asks whether the trial court abused its discretion," Rita v. United States, 551 U.S. 338, 351, 127 S. Ct. 2456, 2465 (2007).

## DISCUSSION

6

Delgado contests the decision to revoke his supervised release and the penalty that he received. Delgado challenges the findings of the magistrate judge that he committed burglary of an occupied conveyance, see Fla. Stat. § 810.02(3)(d), and that Rosales's narrative of the burglary and the battery were more credible. Delgado also argues that his sentence is procedurally and substantively unreasonable. We consider each argument in turn.

*A. Delgado Waived His Right to Challenge the Decision to Revoke his Supervised Release.*

A defendant waives his right to challenge a ruling by relinquishing intentionally an objection or abandoning an opportunity to object. See United States v. Lewis, 492 F.3d 1219, 1221–22 (11th Cir. 2007). This rule of waiver applies to dispositive decisions of a magistrate judge. Fed. R. Crim. P. 59(b)(2). Rule 59(b)(2) provides that a defendant has 14 days to object to the report and recommendation of the magistrate judge. Id. If the defendant fails to file a written objection, he "waives [the] right to [a] review" of that decision. Id.

Delgado waived his right to appellate review of the revocation of his supervised release. Delgado argues that the magistrate judge misapplied the burglary statute in the report and recommendation and clearly erred by crediting Rosales's testimony, but Delgado waived those arguments by failing to object to the report. See id.; Garcia-Sandobal, 703 F.3d at 1283. Delgado argues that his arguments are preserved for this Court's review because he objected during his

evidentiary hearing and because the "district court conducted an independent review of the record," but Rule 59(b) does not contain any exceptions to the requirement to file a written objection to the report and recommendation. See Fed. R. Crim. P. 59(b). Delgado cites decisions in support of his preservation argument, but those decisions predate the adoption of Rule 59. As explained in the advisory committee notes to the Rule, the "waiver provision is intended to establish the requirements for objecting in a district court in order to preserve appellate review of magistrate judges' decisions." Id. 2005 advisory committee notes.

### B. Delgado's Sentence is Reasonable.

Delgado argues that his sentence is unreasonable procedurally and substantively. Both arguments fail. We address each in turn.

Delgado's sentence is procedurally reasonable. "[T]he district court [is not required] to state on the record that it has explicitly considered each of the [sentencing] factors or to discuss each of [those] factors," United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005), "so long as the record reflects the court's consideration of many of those factors," United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010). See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). The district court was familiar with Delgado's case from having sentenced him for his drug crimes and following the first revocation of his supervised release. The district court "carefully considered" the arguments of the parties, the petition

8

to revoke that described Delgado's procedural history and his new offenses, and the findings in the report and recommendation, and "determined that a sentence within the guideline range [was] appropriate." Those statements reveal that the district court considered Delgado's history and characteristics, see 18 U.S.C. § 3553(a)(1); his repeated offenses, see id.; the need for the sentence to deter Delgado from committing future similar crimes and to protect Rosales and the public at large, see id. § 3553(a)(2)(B), (C); and the kinds of sentences Delgado faced and the advisory sentencing range for Delgado's violations, see id. § 3553(a)(3). See Dorman, 488 F.3d at 944; Scott, 426 F.3d at 1329–30. "The length and amount of detail describing the district court's reasoning depends on the circumstances," Ghertler, 605 F.3d at 1262, and there was no need for the district court to elaborate on its sentence when Delgado did not express an opinion on the issue. Delgado likens his situation to that in United States v. Veteto, 920 F.2d 823 (11th Cir. 1991), where we held insufficient a cursory explanation that a sentence "seem[ed] right," id. at 824, 826–27, but at Delgado's sentencing hearing the district court stated that it had considered several sources of information to determine an appropriate sentence. We conclude that the district court sufficiently explained the reasons for its chosen sentence.

Delgado's sentence of 23 months of imprisonment is also substantively reasonable. Delgado twice violated his supervised release, and a sentence of 13

9

months of imprisonment following his first violation of his supervised release failed to deter him from further misconduct.  The district court reasonably determined that imposing a sentence at the high end of Delgado's guidelines range was necessary to achieve the statutory purposes of sentencing.  See 18 U.S.C. § 3553(a).  We "ordinarily . . . expect a sentence within the Guidelines range to be reasonable," United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005), and Delgado provides no reason for us to conclude otherwise.

We **AFFIRM** the revocation of Delgado's supervised release.